STATE OF NEBRASKA, EX REL. HARVEY R. WALDRON, V.
BASIL S. RAMSEY.

FILED JANUARY 3, 1900.   No. 10,947.

Bill of Exceptions: CORRECTIONS: MANDAMUS. In an action of man-
damus it was complained that a trial judge had allowed a bill
of exceptions, and wrongfully included matters of amendments
and excluded other things. The bill, as allowed, had been filed
in an appeal to this court, and had become of its records. *Held*,
That the bill should have been tendered, before filed in this
court, to the trial judge for correction and resettlement, or,
after filing, it should, on leave obtained, have been withdrawn
from the files and presented to the trial judge for the desired
action, and without this, suit must fail.

ORIGINAL application for mandamus to require re-
spondent, as judge of the district court of Cass county,
to correct a bill of exceptions. *Writ denied.*

*Samuel M. Chapman* and *Allen Beeson,* for relator.

*C. S. Polk* and *Roscoe Pound, contra.*

HARRISON, C. J.

In an action in the district court of Cass county, of foreclosure of real estate mortgages, and in which the relators herein were defendants, and the First National Bank of Greenwood was plaintiff, after trial of the issues joined, there was a decree in favor of the bank of date February 25, 1899, and on the 27th of the same month the court adjourned without day. On March 9 following the defendants filed a supersedeas bond, and other steps were taken to perfect an appeal of the cause to this court. The regular March, 1899, term of the district court of Cass county convened on March 6, and during the session there was filed and presented a motion, on the part of the Bank of Greenwood, to vacate the submission of the cause and allow the plaintiff to make additional proof on the point of whether any action at law had been instituted to recover the indebtedness upon which the foreclosure suit was predicated. On hearing, this motion was sustained, and, over objections of the defendants, further evidence was received, and on May 16, 1899, another decree was entered. On May 16, 1899, the appellants delivered to counsel for the bank a bill of exceptions for examination, which on the 23d of the same month was returned with proposed amendments, which consisted of a record of the March term proceedings in the cause. To the allowance of these amendments the appellants filed written objections, and in support of the objections filed certain affidavits, and on June 5, 1899, the matter was heard, and the trial judge allowed the amendments, and with them included, signed and settled, the bill of exceptions, and the document, thus settled and allowed, was, on August 15, 1899, filed in an appeal of the action to this court. In this, an application for a writ of man-

damus, the relators complain of the allowance of the amendments to the bill; also allege that the trial judge wrongfully excluded from the bill of exceptions the objections to its amendments, and the affidavits which accompanied the objections. The prayer of the petition in this case is as follows: "Relators therefore pray this honorable court that said respondent be forthwith compelled to certify to these relators a true bill of exceptions in said cause, to exclude therefrom the illegal, unlawful and improper action of said court had at the March, A. D. 1899, term thereof, and to return with said bill of exceptions a true record showing the exceptions, objections and written evidence presented to said respondent by the counsel for these relators upon their application for an allowance of said bill of exceptions, and for costs of this proceeding."

The relators should have, prior to the filing of the bill as settled by the judge, if they desired it corrected by omission of the amendments, or in any other particular, or wished a resettlement of it, tendered it to the trial judge, and demanded the relief, and, if refused, an application for the writ now asked for would have been proper. This was not done. The bill was filed in this court, and is of its records. The bill having been filed in this court, the relators should have asked leave to withdraw it for presentation to the trial judge for correction or resettlement (*Hoagland v. Van Etten*, 27 Nebr., 705), and, if such leave were given, should have tendered the bill to the trial judge and demanded the desired action, and, in the event of a refusal, might have secured a determination of their rights in a suit like the present one. These things were not done, and it results therefrom that the relators are not in position to demand the writ, and it must be denied.

WRIT DENIED.